UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEROME DAVIS** | : | **DOCKET NO. 2:22-cv-03206** |
| REG. # 18219-076 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jerome Davis on August 22, 2022 (doc. 1). Davis is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

On June 21, 2022, a review of Davis' electronic monitoring system revealed that Davis, who was on home confinement, damaged the device. Doc. 1, att. 2, p. 1. An Incident Report was issued on that date. *Id*. On June 23, 2022, the report was rewritten to include a more detailed description of the damage, specifically that the cameras on the device were severely damaged, as it appeared that someone took a sharp object and jammed it into the cameras, shattering them. *Id*. at p. 2.

A Disciplinary Hearing took place on June 23, 2022. *Id*. at pp. 3-4. Davis received a copy of the Incident Report, waived his 24-hour notice of hearing, did not request a staff representative and did not call witnesses nor present documentary evidence. *Id*. at p. 4. He gave the following statement, "[t]he lens was cracked and I am not sure when it happened; it could have happened while getting out of the truck. I never dropped the phone." *Id*. at p. 3. The Disciplinary Board considered Davis' statement but gave greater weight to the fact that he was responsible for the device, per the confinement resident agreement he signed. *Id*. at p. 4. He was found guilty of destroying, altering, or damaging government property or the property of another person, having a value in excess of 100.00 or destroying, altering, damaging, left-safety devices (BI Smart-Link Device). *Id*. at p. 3. The Disciplinary Board sanctioned Davis by disallowing 27 days of good time conduct. *Id*.

Davis appealed the Disciplinary Board's decision by filing an appeal with the Regional Director between July 5, -July 9, 2022, alleging due process violations related to the hearing. Doc. 1, p. 2.

Davis filed the instant petition seeking to have this Court reverse all sanctions against him and to release him to begin supervised release or place him in a different community placement.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule

4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application – Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.* If an inmate does not receive a response within the time allotted, he may consider the absence of a response a denial at that level and proceed to the next level. *Id.* An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.")

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his

administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce,* 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

The record establishes that petitioner did not properly exhaust, as he did not comply with all administrative procedures. On an unknown date between July 5-July 9, 2022, Davis field a BP-10 appeal with the Regional Director. Doc. 1, p. 2. He submits that he did not receive a reply from the Regional Director's Office and, therefore, did not file a BP-11 appeal with the General Counsel. *Id.*

It is clear from the foregoing that petitioner has failed to properly exhaust his administrative remedies, as he did not file a final appeal with the General Counsel. Thus, as petitioner has failed to exhaust administrative remedies on the claims raised in the instant petition and he has failed to establish that any exceptions apply that would excuse his failure to exhaust, his petition is subject to dismissal without prejudice for failure to exhaust administrative remedies.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition of exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); accord *Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

-5-

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 3rd day of November, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE